The next case is United States v. Raquina. May it please the Court, James Fellman on behalf of the appellants Brian Raquina and Andrew Raymond, sentenced to 20 and 25 years respectively for violations of the Federal Penal Code of Conduct. I'm going to start with the jury instruction issue. My view is that that is the clearest error. It is reviewed on plain error standard. However, we feel that this jury instruction, which specifically advised the jury, that they need not be unanimous as to whether any particular substance at issue was in fact an analog. I have to be unanimous that there was an analog in violation, but not the same substance. That's right. That's correct. What's wrong with that? Because unlike the traditional controlled substance offense in which any one of these substances is by nature unlawful, and so any conspiracy to distribute any of these things is in violation of the statute, with respect to the analog law, there is no violation of law unless and until one of the substances is in fact an analog. Whether or not it is an analog is an element of the offense, and therefore must be decided by the jury, and therefore it must be done unanimously. So the analogy to the traditional controlled substance offense where it could have a lack of unanimity. Is there a chance that any one of these substances was not an analog? I think it's overwhelmingly likely that most of them are not. Well, this is JWH-018, the controlled substance. This is XLR-11. Thirty-eight percent of the molecule is different. Now, Judge Walker, I know that you were on the Roberts case where you struggled with the vagueness of the statute, and where there was a two-atom substitution in combination with the fact that the analog upon ingestion metabolized into the listed substance. Both of those things, one singly was not enough in that panel to overcome vagueness, but both together were enough, and then in the next case, Ansaldi, it was a three-atom substitution, but again, it metabolized into the listed substance upon ingestion. That was enough. None of these substances metabolize into the listed substance, and we're talking about substitutions of more than one-third of the atom. Are you saying that there'd be a plausible argument here? I don't think it was made in the briefs, but you could say that there was insufficient evidence as a matter of law that one of these substances or more were not analogs? No, because it relates to the Daubert error, in my view, but the court permitted a government expert to come in and say that in his expert opinion, these are substantially similar. I think given the admission of that testimony, a jury would be entitled to believe it. But it might be one way. I'm going, thinking back to your jury instruction argument, and I'm thinking through this. But one argument in favor of your position that this is different from the controlled substances might be that if you give the jury 12 substances and say, you just need to agree that there was a controlled substance, it really does sort of take away the ability on appeal or at the district court after the jury decides to say, well, was there sufficient evidence as to any one of them? I think that's correct. It does impede or make impossible sufficiency review. Here I would have to say that there isn't sufficient evidence as to any of them, because there was literally, I mean, in terms of the defendant's mens rea, I'm shifting a little bit now from the issue of whether it is an analog or not to whether there was evidence of whether the defendant knew that, both of which are essential. There was no evidence here at all that the defendants knew anything about substantial similarity with respect to any of these substances. But the jury instruction, it cannot possibly be the law that we're going, I mean, unless one of these things is in fact an analog, there's no violation of law here. And so to let three jurors think one thing is an analog and four think another is and the rest think a third one is, none of them have unanimously concluded that any law has been violated. Am I correct that no circuit court has written an opinion talking about this? You are right, but my response is that the fact that the Analog Act, I think, is from 88. So the fact that this court is the only one in 30 years to make this error, to me, does not make the error less plain. What was the scope of the expert testimony as to the similarity of these substances to the non-scientific? Well, when you say the scope of the testimony, what … Which of the – there are half a dozen substances charged in the indictment. Which of those substances did the expert testimony deal with? Well, it dealt with all of them. Dr. Van Lin from the DEA came and said that in his subjective non-scientific – well, he didn't say non-scientific, but he had to admit it was subjective. In his opinion, every one of those six qualified as an analog because they were substantially similar in their chemical structure to a listed substance. And then, of course, the defense expert also testified that in his opinion, none of the six were similar in structure. And the difficulty here is that this is not science. What the chemical structure is, that's science. There's a rate of error to that. If you get that wrong, everybody can know it. Whether these are substantially similar to each other is an opinion. It's not something you can know. It happens that if before you guess, you confer with the leading professors of chemistry at the most prestigious universities in our country, you will guess wrong. The jury instruction, in your words, Judge Livington, it mattered. That was the issue and dispute here, and it was wrong. Can I – doesn't the Analog Act or the Controlled Substance Analog Act put – it doesn't depend entirely on whether it's substantially similar from a chemical perspective, does it? In other words, isn't there another provision that says it can also be an analog with respect to a particular person, which such person represents or intends to have a stimulant depressant or a hallucinogenic effect on the person, on the central nervous system that's substantially similar to or greater than the stimulant depressant or hallucinogenic effect without regard to the chemical molecular makeup? The short answer is no, Your Honor. There are three prongs in the Analog Act, and the way the courts have construed it is that it is one and either two or three. I'm looking at one and three. And the – There's no requirement for two. You're right. One has to be the chemical structure as well. It is absolutely required that prong one be satisfied, and that's the substantial similarity of chemical structure. You're correct, Your Honor, that with respect to prong two, the pharmacological effects, there is an alternative. They need not prove that if the defendant has represented that it will have those effects. But they still have to prove the chemical structure is substantially similar to a scheduled substance. That is the unanimous ruling of every circuit. I don't quite understand the argument that there's a deep problem with calling experts to say that this is the chemical composition. Substantially similar is not a scientific term, but I don't understand how you would go about proving that element without calling an expert to talk about chemical structure. I don't – I'll answer quickly, Your Honor. I would not dispute that it would be perfectly appropriate to call experts in chemistry to say these are the structures, these are how they're similar, these are how they're different. It's just that ultimate question that the jury has to decide is are they substantially similar. That's not science. And they shouldn't be allowed to say that. They should be allowed to point out the similarities and differences and – The problem with the testimony is they shouldn't have been allowed to draw the conclusion. Correct. How would a jury know whether one difference or two differences, if there are 15 components to that particular chemical, that one difference is substantially similar, two may be substantially similar, we don't know about three, we don't know about four or five, without an expert. Well, I have no earthly idea. Well, then – I have no earthly – So I think the expert – maybe the final conclusion has to be the juries, but they have to listen to the experts and they have to pick one. Well, they have to listen to the experts, but I have no earthly idea how they make the decision as to whether they are or aren't substantially similar. And more importantly, I don't know how a defendant knows that in advance. It's not uncommon in a battle of the experts to have one side saying A and the other side saying not A, and the jury then picks one. The difference is that here – It's exactly the same question that is the ultimate question. The difference is that here that ultimate answer is not science. That expert doesn't have any more credibility in saying these are substantially similar than you or I do. So does it need to be science? Can it be a lay opinion? That would be fine if it were identified as such, but it was not. If I may have my rebuttal. Thank you. May it please the Court, Stephen Clymer for the United States. With the Court's permission, I'll begin in the reverse order. I'll talk about the expert testimony first and then I'll get to the jury instruction issue. There's at least four situations in which this Court has affirmed the admission of substantially identical, or maybe I should say substantially similar in this context, expert testimony where it's an expert relying on specialized knowledge or science to draw an opinion that's inherently subjective. First, there's the Williams case, which is the ballistic expert testimony. Judge Walker, I believe you wrote that decision. And there the expert testified, I believe because it's in the opinion, that he looked at the rifling characteristics and striations on a test-fired shell and on a question shell and would determine whether they were, quote, substantially similar. Second example, I put it in my 28-J letter. By the way, Williams is cited in our brief. 28-J letter I put in the handwriting case, United States v. Brown, unpublished decision where this Court said, like all of our sister circuits, we allow the admission of an expert's opinion, again subjective, that this handwriting matches the defendant's handwriting. Third example, I believe Judge Kearse and Judge Livingston, you were both on this decision, United States v. Romano, which is cited in our brief, involving the valuation and grading of coins. Again, specialized knowledge resulting in a subjective opinion where experts could say, this is what I think the appropriate grade for this coin is, this is what I think the appropriate value for this coin is. The latter case was clearly experience-based, clear in the testimony that that was an experience-based testimony. The coin appraiser gets his expertise from appraising lots of coins and valuing them. There's been a lot of controversy with regard to handwriting, ballistics, and forensics that they are sometimes have been inappropriately portrayed to a jury as scientific when in fact they are also experiential-based types of evidence. Are you familiar with that? Yes, Your Honor. And in that context, I would say two things, one legal, one factual. As a legal matter, this Court in the Restivo case said that when a scientist testifies, the scientist is not limited to expressing opinions based on scientific knowledge. That expert can also testify based on specialized knowledge, which is a different category under the W. So the opinion here, what was, was the opinion here that this is substantially, these substances are substantially similar to the controlled substances that I've compared them to? Exactly. The expert, and there was extensive pre-trial litigation here that the judge heard in briefing and the expert took the stand and using the same diagram that you have shown today, which was shown to the jury as well, the expert explained how he came to the conclusion with respect to his opinion on substantial similarity with respect to each one of the six. So the theory is that he was, he offered scientific testimony about chemical structure of both, that was science, this is, this one was that one. The ultimate, the further statement that these are, these are analogs was a form of specialized knowledge or what was it exactly? I believe the district court judge did not abuse his discretion by relying on either one of those problems. And the rule, 702 doesn't say the opinion has to be scientific or the opinion has to be specialized knowledge. It has to be based on. And here, both of these experts testified that their day-to-day job is to look at questioned substances, look at controlled substances and determine whether these things qualify under the test that Congress has set out for them to be substantially similar. They do that on a day-to-day basis and each one testified about other cases in which they gave the same opinion and I realize that that doesn't constitute general acceptance, but my point is this is what they do. This is an area of specialized knowledge to compare Schedule I controlled substances to questioned analogs to decide whether the substantial similar test has been satisfied. I think it's also worth pointing out a couple other things, Your Honor. Number one, this is an abuse of discretion standard. Number two, the only three circuits that have addressed this explicitly, the Fourth Circuit, Brown from the Eleventh Circuit, have all affirmed judges' admission of similar expert testimony under the abuse of discretion standard. To my knowledge, there is no contrary authority. The final point I'll make is this judge didn't make this decision hastily. There was extensive briefing. He looked at the evidence. He looked at the same diagrams counsel has shown you today. There was cross-examination, vigorous cross-examination of both these experts. There was rebuttal expert testimony. There was defense argument, extensive argument on this point, and the judge gave limited instructions with respect to expert testimony. If there are questions about expert testimony, that's the appropriate way to address it. Roberts. So accepting the fact that they were experts and they testified the way they did, they were presumably cross-examined? Yes, sir. And it's conceivable that a jury might have rejected their testimony as to one or more substances. Isn't that correct? That's certainly a possibility, Your Honor. And if that happened, how does that play into the your defending the charge as given? That gets me to the second point, Your Honor, the claim of instructional error. And I'll begin by reiterating the points that there was no objection below to the instruction the judge gave. The first objection to the instruction came post-verdict. So obviously, the plain error standard is in place here. And when counsel says to the Court, I know of no decision that holds that the identity of a controlled substance analog is an element of the crime, that ends our inquiry here, because this is, at best for the defense, an open question. And if it's an open question, they cannot satisfy the second prong of the plain error standard, namely, that the error must be clear or obvious. So are you conceding that there's error? No. I'm going to move on to that. I think that's the easy way for you to decide this case. But I think you can decide it in our favor, even if it was on a de novo standard of review. The Supreme Court in Richardson made very clear that the way this gets decided, whether jury unanimity is required as to a particular fact, is to determine is it an element or is it a means. And in Mathis, the Supreme Court gave us a methodology for making that determination. And this Court applied it in the Harbin case. And the methodology laid out in both Mathis and Harbin is you look at the text of the statute. Here the statute talks about a controlled substance or a controlled substance analog, not a specific substance. That favors this being a means that doesn't require unanimity. You look at the penalty structure. The penalty is exactly the same without regard to the identity of the controlled substance analog. Again, that favors this being a means which doesn't require unanimity, not element which does. Third, you look at judicial decisions. As I said, the judicial decisions favor treating this as a means, not an element. This Court in Thomas determined that if you don't have a controlled substance in type and quantity that increases the statutory maximum and minimum sentences, it is a means, not an element. So this Court has made that determination with respect to controlled substances. Yeah. Controlled substances are one thing. Analogs may be another, though. And I disagree with that. The statute says that once you find an analog, you treat it as if it were a controlled substance. But as a matter of actual operation, they are different because you have to go through a different step. You have to find that they are – that they are – it's not a – you have to find that they are analogs. And normally with controlled substances, you're not in that position. It's either a controlled substance or not, depending on the chemistry of the thing. And I understand that's the defense argument here. Yeah. The argument essentially is this. Because there is a standard-based approach for controlled substance analogs, not a strict rule-based approach, it should be treated as an element, not a means. That doesn't hold water. There are other examples in the criminal code of facts that are standard-based, not rule-based, where the court clearly does not require jury unanimity. And I can give you two examples, if you'd like. The first one is in the context of child pornography. As the Court's aware, under 18 U.S.C. 2256, a image of a child can be pornographic, sexually explicit conduct, in other words. If it's a lascivious exhibition of genitalia or pubic area. That's a very hard thing to figure out. This Court's got a decision called Rivera where it talks about the difficulty in resolving that. But if the fact that that is standard-based, not rule-based, makes it an element, that means when we seize media with 14,000 images of lascivious exhibition of minors, we could charge that as 14,000 counts, or if we charge it in one count, we would have to give the jury a special verdict asking for unanimity on each one of those counts. We don't do that. As long as the jury is unanimous that there is child pornography on that media, we are done with that. The same rule applies here. In fact, Judge Livingston, you asked defense counsel a question, is there any case that holds that. There is one case that comes close to holding that in the context of controlled substances. The Harbin decision from this Court. In that decision, this Court said that if you have multiple controlled substances in the State of New York, say cocaine, marijuana, heroin, all charged in one count under the State statute at issue there, the jury cannot, doesn't have to agree as to which controlled substance. If two jurors think it's one, five jurors think it's a second, and the remainder of the jurors think it's a third, this Court explicitly said in Harbin that's good enough. Unless we're going to start using a brand-new test, which no court has ever used for dividing means from elements, namely this rules versus standards approach that the defense has picked out of thin air here, there's no basis for that. What if there was a sufficiency challenge? One, you know, three of these, one of them was a controlled substance. I mean, one was an analog, but these three others, no reasonable jury could have discerned that. The way this case was tried, wouldn't you have to reverse in that situation? I believe not, Your Honor, because under Richardson, as long as it's a means, not an element, jury unanimity is not required. I don't dispute that there's a legitimate concern. We'd want to try to find out what the jury did. But the proper way to address that would be to say to the trial judge, here is why we'd like a unanimity instruction as to identity. Can you give one? We'd like to preserve our options for appeal. But that never happened here. The defense had multiple opportunities to do so and didn't do so. And maybe that gets back to the plenary standard, but I will say this again. The Supreme Court and this circuit have described a methodology for dividing means from elements. The test that the defense offers in their brief is not in that approach. So not only is the ultimate rule that they offer nowhere in the law, meaning there's no clear error, but the methodology that they want this Court to use has no legal basis, either. Unless the Court has further questions, that's all I have. You agree that there's no case addressing this point? I know of no case that addresses whether the identity of a controlled substance analog is an element. Right. This Court has decided that a controlled substance itself is a means, not an element. Right. Thank you, Your Honor. Thank you, Your Honor. I fear I may have misspoke. I heard counsel say that I don't know of a case where it was described as an element. I don't believe I said that. I do know of a case where it was described as an element. It is Ansaldi, and it was decided by this Court. If one reads footnote 2 of Ansaldi, it says that substantially similar is an element of the crime. I don't even know what this dispute is about that it's not an element. I've cited a footnote full of cases where they say this issue goes to the jury. What else goes to the jury but elements? Why would it not be an element? It is at the heart of this. Is it an analog or not? That was what the case was tried on. That's why we had all these dueling experts. That's what a prosecution under the Analog Act is about. Is there an analog or not? And if it is, did the defendant know that? How would you distinguish the statute that your adversary alluded to dealing with child pornography? You have a ton of photographs. You have to prove a standard the jury has to decide, and they're not asked to specify. They don't have to tell us which one, generally. They just have to tell us whether there was a possession of child pornography. I really don't know. I've never done a child pornography case. I mean, I assume if I was defense counsel, I'd ask for some sort of human intimacy instruction. I'd ask for a specialized verdict so that we would know that. This is not that complicated. This isn't thousands. There's six. And all I'm asking is that among those six, the jury be required to decide whether one of them unanimously is in fact an analog after substantial dispute and contested testimony as to whether they are or not. How do you satisfy the plain error review here, though? Well, as I began by acknowledging that it is error. It's plain because it's obvious that if it's an element, the jury has to be instructed that they have to be unanimous on it. The fact that no other court in 30 years has made this error does not make it less plain. To me, it makes it more plain. Well, it isn't a problem with regard to the controlled substances, right? Not leaving aside analogs. It's not a problem. The idea that the verdict can be based upon different jurors finding different substances to be in violation. Controlled substances. As long as it's all clear that every substance they're considering is an illegal one. Yeah. Correct. Here, that's what the trial was about. Well, doesn't the fact that there was no objection taken to the specific requirement that was given by the judge to the effect that you don't have to all agree on the particular substance, which defense counsel had in hand, some indication that defense counsel at that point was thinking that this is very similar to just a straight controlled substance. They're all analogs. Well, the instruction was not requested by the government. They didn't ask for this instruction. The judge just came up with it. I don't know what was in the defense lawyer's mind when they didn't object to it. It was ineffective. I hope we don't have to get to that point. It also affected their substantial rights, and it undermines the integrity in the proceedings. I can't tell these gentlemen why they're in prison for decades. Very often, I don't know whether it happened here, but very often there are – there's a conference prior to giving the charge in which the charge is reviewed. Was that not done here? In which the counsel had a chance to look at it closely before it was given? Is this not a question of just reacting to what went on in the courtroom? Well, I make no argument that the court erred by not giving the defense an opportunity to object. Right. I'm not making that argument. Okay. They just didn't. They should have, and that's why this court is here, to correct errors like that when it's plain and it matters. Thank you. Thank you both. Well argued. That is the last argued case on the calendar this morning, so I'll ask the clerk to adjourn.